**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BTL INDUSTRIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**YOUR SCULPT STUDIO LLC**,<br><br>Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff BTL Industries, Inc. (hereinafter "BTL"), by its attorneys, for its Complaint against Your Sculpt Studio LLC ("Your Sculpt" or "Defendant"), alleges as follows:

### NATURE OF THIS ACTION

1.     This is a civil action by BTL arising out of Defendant's patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*; Defendant's trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); and common law trademark infringement and unfair competition.

2.     BTL and its affiliates pioneered the application of high-intensity, focused electromagnetic technology in non-invasive aesthetic body-contouring devices. In June 2018, BTL launched the ground-breaking EMSCULPT® aesthetic body-contouring device that uses this technology in the United States, after the device was cleared by the U.S. Food and Drug Administration (FDA). BTL and its affiliates protected the EMSCULPT® device—and the technology used in the device—with numerous patents and federally registered trademarks and copyrights.

3.      Defendant promotes and sells certain non-invasive body contouring services using devices they call "Total Tone," "TotalTone," "EmSlim," "Emslim Classic," and "EmSlim NEO." On information and belief, Defendant has and continues to infringe BTL's patents directed to body-contouring methods and devices by using, importing, offering for sale services using, or selling services using these devices. On information and belief, Defendant advertises these devices by improperly using BTL's trademarks, and confusingly similar variations of these trademarks, in its promotional and informational materials for these devices.

4.      Defendant's infringing and fraudulent conduct not only irreparably harms BTL and the goodwill associated with its brand but may also pose potentially serious health and safety consequences to the public as, on information and belief, Defendant's devices are not FDA cleared. Defendant's use of EMSCULPT, the BTL Logo, and the confusingly similar "EmSlim" and "EmSlim NEO" marks misleads consumers into believing that Defendant's devices are associated and/or otherwise affiliated with BTL.

5.      BTL is thus forced to file this action to combat Defendant's unauthorized use of its patented technology and federally registered trademarks, as well as to protect unknowing consumers from purchasing devices that are not FDA cleared.

6.      Defendant's willful and continuing trademark infringement, unfair competition, and patent infringement should be enjoined permanently to curb the harm to BTL's reputation and the relevant segment of the public at large. BTL has been, and continues to be, irreparably damaged as a result of Defendant's willful actions and seeks injunctive and monetary relief.

## **PARTIES**

7.      BTL is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 362 Elm Street, Marlborough, Massachusetts 01752.

8.    On information and belief, Your Sculpt is a limited liability company organized and existing under the laws of Washington, D.C., with its principal place of business at 1250 Connecticut Avenue, Suite 700, Washington, D.C. 20036.

## JURISDICTION AND VENUE

9.    This Court has subject-matter jurisdiction over BTL's claims arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051, 1121, pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a)–(b).

10.    Subject-matter jurisdiction for the trademark and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

11.    This Court has supplemental jurisdiction over BTL's claims arising under the laws of Washington, D.C., pursuant to 28 U.S.C. § 1367(a), because BTL's state-law claims are so related to BTL's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

12.    On information and belief, this Court has personal jurisdiction over Your Sculpt because it is a limited liability company whose principal place of business is located in this District and it has committed in this District acts of patent infringement under 35 U.S.C. § 271(a), (b), and/or (c) and intends a future course of conduct that includes acts of patent infringement. Further, Your Sculpt has advertised and promoted body-contouring services using these devices using BTL's trademarks, and confusingly similar variations of these trademarks, in Washington, D.C. Your Sculpt has committed acts of trademark infringement, false, misleading, and deceptive advertising under federal and state law, and intends a future course of such conduct in this District. BTL's causes of action arise out of these activities. These acts have led and will lead to foreseeable harm and injury to BTL in Washington, D.C. On information and belief, Your Sculpt has derived, and will derive, substantial revenue from the sale of these infringing devices in Washington, D.C.

13.    Further, the acts complained of herein occurred in this District.

14.    Similarly, the exercise of personal jurisdiction over Defendant comports with the due process requirements of the United States Constitution because:

(a)    Defendant has purposefully established "minimum contacts" with Washington, D.C. and this District; and

(b)    the exercise of personal jurisdiction over Defendant will not offend the traditional notions of fair play and substantial justice.

15.    Therefore, this Court has specific and general jurisdiction over Defendant.

16.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 at least because Defendant has its principal place of business in this District and is subject to personal jurisdiction in this District.

## BACKGROUND

17.    BTL specializes in the innovation, development, and sale of equipment and treatments for the aesthetics industry in the United States. BTL and its affiliates developed proprietary technology that uses high-intensity electromagnetic stimulation to tone and strengthen muscles in targeted areas. BTL applied its technology to develop a series of new and innovative FDA-cleared devices and developed protocols for using the technology for aesthetic therapies. BTL denotes its products and services that feature this technology with its HIFEM® brand and other trademarks.

18.    The first such device that BTL developed was the EMSCULPT® device, a standalone, non-invasive, FDA-cleared body-contouring device. *See* Exhibit A (BTL Press Release). BTL's patent-protected EMSCULPT® device uses high-intensity electromagnetic energy to induce powerful muscle contractions in a patient. BTL has developed specifically configured EMSCULPT® applicators, tailoring each type of applicator to a specific target area.



19.     The EMSCULPT® device uses innovative and patent-protected protocols for aesthetic therapies. BTL's proprietary protocols create repetitive muscle contractions that result in a non-invasive method of toning muscle and body sculpting. *See* https://bodybybtl.com/solutions/emsculpt-neo/.

20.     In June 2018, BTL received clearance from the FDA for its EMSCULPT® device with large applicators and began to sell the device in the United States for the improvement of abdominal tone, strengthening of the abdominal muscles, development of a firmer abdomen, and for strengthening, toning, and firming of the buttocks and thighs. *See Id.* In October 2018, BTL received FDA clearance for an additional indication for the improvement of muscle tone and firmness and for strengthening muscles in arms. *Id.* In July 2019, BTL received FDA clearance for

the EMSCULPT® device with both large and small applicators for the improvement of abdominal tone, strengthening of the abdominal muscles, development of a firmer abdomen, strengthening, toning, and firming of the buttocks, thighs, and calves, as well as improvement of muscle tone and firmness for strengthening muscles in arms. *Id.* The smaller applicators are intended for smaller treatment areas.

21.    BTL markets and distributes its non-invasive aesthetic body-contouring EMSCULPT® device to healthcare professionals, and BTL licenses these healthcare professionals to provide the associated treatment services administered via authentic EMSCULPT® devices that incorporate its proprietary technology, muscle toning protocols, and flexible applicators in the United States.

22.    BTL's EMSCULPT® device created a new market in which it quickly became the innovative industry leader. Before BTL launched the EMSCULPT® device in 2018, no other product used high-intensity, focused, electromagnetic technology to tone and firm muscle for non-invasive, aesthetic body contouring.

23.    The aesthetic industry has recognized BTL's innovation, hailing it as having taken "the aesthetics industry by storm;" praising BTL as being the first to apply high-intensity, focused, electromagnetic energy technology for aesthetics; and lauding the EMSCULPT® device as having "transformed treatment protocols." Exhibit A.

24.    In September 2022, BTL released the EMFACE device (shown below), a standalone, non-invasive, aesthetic facial-contouring device. *See*, Ex. A (BTL Press Release). BTL's patent-protected EMFACE device applies a combination of synchronized radiofrequency and high-intensity facial electromagnetic stimulation (HIFES®). Synchronized radiofrequency heats the dermis to stimulate collagen and elastin production, while HIFES® selectively contracts

facial muscles. BTL has developed specifically configured EMFACE flexible applicators, tailoring each type of applicator to a specific target area.



25.     The EMFACE device uses innovative and patent-protected protocols for aesthetic therapies. BTL's proprietary protocols create heat and repetitive muscle contractions, resulting in a non-invasive method for toning muscles and sculpting the face. https://bodybybtl.com/solutions/emface/.

26.     BTL markets and distributes its non-invasive aesthetic facial-contouring EMFACE device to healthcare professionals, and BTL licenses these healthcare professionals to provide the associated treatment services administered via authentic EMFACE devices that incorporate its proprietary technology, muscle toning protocols, and flexible applicators in the United States.

27.     BTL's market success and superior performance are by-products of its technological innovations over the past several decades. BTL continues to implement these innovations today. BTL has protected its investment in its innovations and its brand with patents and trademarks. BTL lists the patents that cover its products, including EMSCULPT® and EMSCULPT NEO®, on its website at www.btlnet.com/patents.

### A.     The Asserted Patents

28.     On November 19, 2019, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 10,478,634 (the "'634 Patent"), entitled "Aesthetic Method of Biological Structure Treatment by Magnetic Field" to BTL Medical Technologies S.R.O. A true and correct copy of the '634 Patent is attached hereto as Exhibit B. The '634 Patent was exclusively licensed to BTL, and BTL possesses the exclusive right of recovery for any past, present, or future infringements of the '634 Patent, including equitable relief and damages.

29.     On June 20, 2023, the USPTO duly and lawfully issued U.S. Patent No. 11,679,255 (the "'255 Patent"), entitled "Device and Method for Unattended Treatment of a Patient" to BTL Medical Technologies A.S. A true and correct copy of the '255 Patent is attached hereto as Exhibit C. The '255 patent was exclusively licensed to BTL, and BTL possesses the exclusive right of recovery for any past, present, or future infringements of the '255 Patent, including equitable relief and damages.

### B.     BTL's Trademarks

30.     BTL uses and licenses registered and unregistered trademarks and trade dress to market its aesthetic equipment and treatments in the United States including the following federally registered marks (the "BTL Trademarks"):

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| 7,559,933 | **HIFES** | Nov. 5, 2024 | Sept. 00, 2022 | Class 10: Medical and aesthetic apparatus and instruments generating electromagnetic, magnetic, electrical, mechanical, radiofrequency or thermal energy for use in skin treatment procedures; medical apparatus and instruments for body toning and body shaping; medical apparatus and instruments for the removal of fat, circumference reduction, tightening of skin, reduction of wrinkles, reduction of scars, reduction of stretch marks, rejuvenation of skin, treatment of pigmentation spots, increase in muscle volume, increase in number of muscle fibres and increase in muscle tonus; medical apparatus and instruments for the treatment of cellulite; therapeutic facial masks; facial toning machines for cosmetic use; electric stimulation and magnetic stimulation apparatus for physical therapy purposes for the treatment of nerve and muscle pain and elimination of muscular spasms; medical and cosmetic apparatus and instruments for gynecological and urological treatment, namely, for genital rejuvenation, treatment sexual dysfunction, gynecological treatment and pelvic floor treatment<br><br>Class 44: Medical services; medical equipment rental; |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| | | | | cosmetic and plastic surgery; beauty salons; liposuction services; medical services, namely, medical removal of body cellulite |
| 5,688,619 | **HIFEM** | Mar. 5, 2019 | Sept. 19, 2017 | Class 10: Medical and aesthetic apparatus and instruments generating electromagnetic, magnetic, electrical, mechanical, radiofrequency or thermal energy for use in skin treatment procedures; medical apparatus and instruments for body toning and body shaping; medical apparatus and instruments for the removal of fat, circumference reduction, tightening of skin, reduction of wrinkles, reduction of scars, reduction of stretch marks, rejuvenation of skin, treatment of pigmentation spots, increase in muscle volume, increase in number of muscle fibres and increase in muscle tonus; medical apparatus and instruments for the treatment of cellulite; therapeutic facial masks; facial toning machines for cosmetic use; electric stimulation and magnetic stimulation apparatus for physical therapy purposes for the treatment of nerve and muscle pain and elimination of muscular spasms; gynecological and urological apparatus and instruments, namely for genital rejuvenation, treatment sexual dysfunction, gynecological |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| | | | | treatment and pelvic floor treatment. Class 44: Medical services; medical equipment rental; cosmetic and plastic surgery; beauty salons; liposuction services; medical removal of body cellulite. |
| 5,572,801 | **EMSCULPT** | Oct. 2, 2018 | Sept. 29, 2017 | Class 10: Medical apparatus and instruments for the treatment of cellulite; medical apparatus and instruments for body toning and body shaping; medical apparatus and instruments for the removal of fat, circumference reduction, tightening of skin, reduction of wrinkles, reduction of scars, reduction of stretch marks, rejuvenation of skin, and treatment of pigmentation spots; above medical apparatuses with exception for the treatment of the nasopharynxs including inhalers and nasal irrigators; massage apparatus; medical apparatus and instruments for aesthetic skin treatment procedures; medical apparatus generating electromagnetic, magnetic, electrical, mechanical or thermal energy for use in skin treatment procedures; medical apparatus particularly apparatus for pain management, elimination of muscle spasms; gynaecological and urological apparatus and instruments, namely, for genital rejuvenation, treatment |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| | | | | sexual dysfunction, gynecological treatment and pelvic floor treatment |
| 6,069,279 | **EMSCULPT** | June 2, 2020 | Sept. 29, 2017 | Class 44: medical services; gynecology services; medical equipment rental; cosmetic and plastic surgery; beauty salons; liposuction services; removal of body cellulite |
| 5,915,636 | **EM** | Nov. 19, 2019 | Jan. 8, 2019 | Class 10: physical therapy devices for treating muscle spasms and pain management; medical apparatus and instruments, in particular apparatus and instruments for the treatment of cellulite, apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat, circumference reduction; medical devices for use in treating gynecological disorders, pelvic area disorders, bladder disorders and incontinence.<br><br>Class 44: health assessment services; medical services, namely, providing treatment for patients with gynecological disorders, pelvic area disorders, bladder disorders and incontinence; gynecological services; urology medical care services; rental of medical apparatus and equipment; cosmetic and plastic surgery; beauty salon services; liposuction and surgical body shaping services; medical services, namely, |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| | | | | removal of body cellulite; physical therapy services. |
| 6,206,098 | **EM** | Nov. 24, 2020 | July 2018 | Class 10: physical therapy devices for treating muscle spasms and pain management; medical apparatus and instruments, in particular apparatus and instruments for the treatment of cellulite, apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat, circumference reduction; medical devices for use in treating gynecological disorders, pelvic area disorders, bladder disorders and incontinence.<br><br>Class 44: health assessment services; medical services, namely, providing treatment for patients with gynecological disorders, pelvic area disorders, bladder disorders and incontinence; gynecological services; urology medical care services; rental of medical apparatus and equipment; cosmetic and plastic surgery; beauty salon services; liposuction and surgical body shaping services; medical services, namely, removal of body cellulite; physical therapy services. |
| 6,373,947 | **EMSCULPT NEO** | June 1, 2021 | Oct. 17, 2020 | Class 10: medical apparatus and instruments for the treatment of cellulite; medical apparatus and instruments for body toning and body shaping; |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| | | | | medical apparatus and instruments for the removal of fat, circumference reduction, tightening of skin, reduction of wrinkles, reduction of scars, reduction of stretch marks, rejuvenation of skin, and treatment of pigmentation spots; medical apparatus and instruments for aesthetic skin treatment procedures; medical apparatus generating electromagnetic, magnetic, electrical, mechanical or thermal energy for use in skin treatment procedures; medical apparatus particularly apparatus for pain management, elimination of muscle spasms; gynecological and urological apparatus and instruments, namely, for genital rejuvenation, treatment of sexual dysfunction, gynecological treatment and pelvic floor treatment. Class 44: medical services; medical equipment rental; cosmetic and plastic surgery; beauty salons; liposuction services; medical services, namely, removal of body cellulite. |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| 4,750,101 | [1] | June 9, 2015 | Jan. 24, 2014 | Class 10: physiotherapy apparatus in the nature of apparatus for electrotherapy, laser therapy, ultrasound therapy, magnetotherapy, and shockwave therapy, all for electrical nerve and muscle stimulation, infrared heat, wound healing, pain therapy, and treatment of inflammation; body rehabilitation apparatus for medical purposes; esthetic massage apparatus; hydrotherapy massage apparatus; medical and veterinary diagnostic apparatus and instruments, namely, electrocardiographs, heart monitors, spirometers, and blood pressure monitors; medical devices for nonsurgical cosmetic treatments; medical devices for body toning and body shaping, tightening of skin, treatment of skin laxity, wrinkles, rhytides, and cellulite, and fat removal; lymphatic drainage equipment, namely, massage apparatus and lasers for medical use. |

31.    BTL has continuously and exclusively used the BTL Trademarks and has never abandoned them. The BTL Trademarks are validly registered in the United States and are in full force and effect. True and correct copies of the BTL Trademark registration certificates, obtained from the Trademark Status Document Retrieval database of the United States Patent and

---

[1] Referred to herein as the "BTL Logo."

Trademark Office, are attached to this Complaint as Exhibit D. These registrations constitute prima facie evidence of validity of the BTL Trademarks and of BTL's exclusive right to use the BTL Trademarks under 15 U.S.C. § 1057(b).

32.     The BTL Trademarks therefore perform an important source-identifying function for BTL's aesthetic body-contouring devices like the EMSCULPT®, EMSCULPT NEO®, and HIFES® and associated treatment services. The BTL Trademarks signify to purchasers that the body-contouring and facial-contouring devices come from BTL, and the body-contouring and facial-contouring services are rendered by BTL's devices and administered by BTL-trained and BTL-authorized service providers. The BTL Trademarks are inherently distinctive and are associated with BTL's innovative aesthetic body-contouring and facial-contouring devices that have acquired considerable brand loyalty through BTL's sales and promotion, and direct word-of-mouth promotion by consumers. In addition, BTL has expended significant time, money, and resources in developing, marketing, advertising, promotion, and selling its products and services under its trademarks, including the BTL Trademarks, in the United States. The market reputation and consumer goodwill associated with the BTL Trademarks are of significant value to BTL.

## C. **Defendant's Unlawful Conduct**

33.     On information and belief, Defendant offers body-contouring services using knockoff devices (the "Body Knockoff Devices"), face-contouring services using knockoff devices (the "Facial Knockoff Devices"), and advertises these services using the BTL Trademarks and marks confusingly similar thereto. Specifically, Defendant markets and sells services they call "EmSlim Body Sculpting-Abs, Glutes, Arms!," "30 Day Unlimited Emslim Classic SALE," "1 EmSlim NEO Body Sculpting Summer SALE," "30 Day Unlimited EmSlim NEO Summer SALE," and "No Needle FACE REJUVENATION SALE." *See* https://www.yoursculptstudio.com/about-1. The image associated with the "EmSlim Body

16

Sculpting-Abs, Glutes, Arms!" services shows a BTL device's applicator being held to a patient's abdomen using the flexible, adjustable strap featuring BTL's EMSCULPT® and BTL Logo federally registered trademarks. *See, e.g.*:



34.    Defendants' use of EM, EMSCULPT, EMSCULPT NEO, the BTL logo, EMSCULPTOR, EMCULPTOR NEO, UMSCULPTOR NEO, EMSCULPTOR NEO, and HIEMS is without BTL's authorization.

35.    On information and belief, the Body Knockoff Devices implement the same or substantially the same technology as the '634 Patent.

36.    On information and belief, the Facial Knockoff Devices implement the same or substantially the same technology as the '255 Patent.

37.    On information and belief, the Body Knockoff Devices and Facial Knockoff Devices include or perform each and every limitation of at least one claim of the Asserted Patents, either literally or under the doctrine of equivalents. By using, making, offering to sell, selling, or importing into the United States the Body Knockoff Devices and Facial Knockoff Devices, Defendant has directly infringed, and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the Asserted Patents under 35 U.S.C. § 271(a).

38.    On information and belief, Defendant has been aware of the Asserted Patents since at least September 27, 2024, when BTL informed Defendants via letter of their infringement of BTL's intellectual property. BTL's "Patent Labeling" webpage also lists the Asserted Patents and identifies them as covering the EMSCULPT® and EMSCULPT NEO® devices.

39.    The images below are representative of Defendant's infringing conduct:









40.     On information and belief, Defendant's activities are ongoing despite attorneys for BTL informing Defendant that its activities violate BTL's rights. On September 27, 2024, attorneys for BTL successfully sent via email and FedEx a demand letter to Your Sculpt at Your Sculpt's listed email address (booking@yoursculptstudio.com) and principal place of business. Defendants responded via email from booking@yoursculptstudio.com on October 6, 2024. Attorneys for BTL responded via email on October 7, 2024, and following no response from Defendants, Attorneys for BTL followed up on October 24, 2024. Plaintiff again followed up via email and FedEx on December 31, 2025. Defendants responded via email on January 7, 2025, to which attorneys for BTL responded the same day. After failing to receive any response, attorneys for BTL followed up on February 5, 2025. *See* Exhibit E (Communications).

41.     Defendants' advertising includes the claims that the Body Knockoff Devices can "Burn Even More Fat while Building Muscle" and "One 30 minute session = 20,000 contractions." *See*,      https://www.yoursculptstudio.com/service-page/1-emslim-neo-body-sculpting-summer-

sale?referral=service_list_widget. Additionally, Defendants' advertising includes the claim that their "'No-Needle Face Lift' uses High-Intensity Facial Electrical Stimulation–or HIFES–the ONLY FDA-Cleared technology to tighten delicate facial muscles while reducing wrinkles and rejuvenating skin!" *See*, https://www.yoursculptstudio.com/noneedlefacerejuvenation.

42.    On information and belief, Defendants have not performed clinical studies demonstrating these results nor have any clinical studies by any other entity using the Body Knockoff Devices and/or Facial Knockoff Devices been performed. Rather, these clinical study results are taken from BTL's own clinical studies using its EMSCULPT®, EMSCULPT NEO®, and EMFACE® devices.

43.    On information and belief, the Body Knockoff Devices and Facial Knockoff Devices are not authentic BTL devices. On information and belief, Defendants' Body Knockoff Devices use time-varying magnetic fields that are applied to a patient's skin and held there using a flexible belt attached to an applicator that includes a magnetic field generating coil. On information and belief, the magnetic field generating coil generates a time varying magnetic field and the device applies a magnetic flux of 50 T cm2 to 1,500 T cm2 and causes muscle contractions.

44.    On information and belief, the Body Knockoff Devices and Facial Knockoff Devices are not FDA approved.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,478,634

45.    BTL repeats and re-alleges paragraphs 1–44 as if fully set forth herein.

46.    The '634 Patent is directed towards a method for toning muscles in a patient using time-varying magnetic fields. Exemplary Claim 1 of the '634 Patent recites:

A method for toning muscles in a patient using time-varying magnetic fields, the method
comprising:

placing a first applicator comprising a magnetic field generating coil in contact with a

patient's skin or clothing at a body region of the patient, wherein the body region

is an abdomen or a buttock;

coupling the first applicator to the patient with an adjustable flexible belt so that the belt

holds the first applicator to the patient's skin or clothing;

providing energy to the magnetic field generating coil in order to generate a time-varying

magnetic field; and

applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region,

wherein the time-varying magnetic field is applied to the body region with a magnetic

flux density sufficient to cause a muscle contraction in the body region.

47.     Defendants have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '634 Patent by making, using, offering to sell, selling, or importing the Body Knockoff Device(s) in the United States.

48.     Defendants have and continue to promote and perform the preamble of claim 1 of the '634 Patent, which recites "[a] method for toning muscles in a patient using time-varying magnetic fields." Advertising and promotional information for the Body Knockoff Device(s) indicates that the body-contouring services performed by the Body Knockoff Device(s) tone a patient's muscles using time-varying magnetic fields. For example, in the below screenshots taken from Defendants' website, the Body Knockoff Device(s) "Build Muscle and Burn Fat," and "Sculpt your Abs, Glutes, Obliques, Legs and Arms." On information and belief, this language indicates that the Body Knockoff Device(s) tones a patient's muscles.

## 30 Day Unlimited Emslim Classic SALE

Build Muscle and Burn Fat for 30 days of unlimited treatments! Choose Up to 2 Treatment Areas.

## EmSlim Body Sculpting-Abs, Glutes, Arms!

LIMITED TIME SALE! - 1 Area. No Surgery. No Downtime. Credit Card Required to Hold Appointment.

| 45 min | $275 | 1250 Connecticut Avenue Northwest - Dupont Circle |
|--------|------|---------------------------------------------------|

Book Now

### Service Description

Build Muscle and Burn Fat in 30 Minutes! Sculpt your Abs, Glutes, Obliques, Legs and Arms.

## 1 EmSlim NEO Body Sculpting Summer SALE

Burn Even More Fat while Building Muscle and Tightening Skin with this Revolutionary Treatment

## 30 Day Unlimited EmSlim NEO Summer SALE

Burn Fat, Build Muscle, Tighten Skin! No Surgery, No Downtime. 30 Days UNLIMITED. 2 Treatment Areas

In an Instagram post dated May 15, 2025, it states that the "EMSlim Neo Body Sculpting" (on information and belief, the Body Knockoff Device(s)) "help you tone and tighten." On information and belief, this language indicates that the Body Knockoff Device(s) tones a patient's muscles.



On Defendants' website, language used indicates that the body-contouring services performed by the Body Knockoff Device(s) use magnetic fields. For example, the following screenshot taken from the "home" page states that the Body Knockoff Device(s) causes "20,000 contractions in each 30 minute session." On information and belief, this language indicates that the Body Knockoff Device(s) uses a magnetic field to tone a patient's muscles.

**TOTALTONE**
**Body Sculpting**
**Sculpt & Tone Your**
**Muscles.**

Let us exercise your body for you!  You get 20,000 contractions in each 30 minute session to quickly build muscle and tone up your trouble areas.

On information and belief, a reasonable opportunity for further investigation or discovery will show that the Body Knockoff Device(s)'s magnetic fields are time varying.

49.    Defendants have and continue to promote and perform the claimed step of "placing a first applicator comprising a magnetic field generating coil in contact with a patient's skin or clothing at a body region of the patient, wherein the body region is an abdomen or a buttock." On information and belief, the Body Knockoff Device(s) includes at least one applicator comprising a magnetic field generating coil. On information and belief, Defendants place these applicators on the skin of a patient's abdomen or buttocks or over clothing covering these body regions. On information and belief, advertising and promotional materials depict the Body Knockoff Device(s)'s applicators attached to the skin of patients at various body regions including the abdomen or buttock.



On information and belief, a reasonable opportunity for further investigation or discovery will show that the Body Knockoff Device(s)'s applicators contain magnetic field generating coils.

50.    Defendants have and continue to promote and perform the claimed step of "coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the first applicator to the patient's skin or clothing." On information and belief, advertising and promotional materials depict the Body Knockoff Device(s)'s applicators attached to the skin of patients using an adjustable flexible belt at various body regions including the abdomen or buttock



51.     Defendants' indirect infringement of the '634 Patent has been, and continues to be, willful. On information and belief, Defendants have been aware of the '634 Patent before the filing of this Complaint and have infringed the '634 Patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

52.     Defendants have and continue to promote and perform the claimed step of "providing energy to the magnetic field generating coil in order to generate a time-varying magnetic field." On information and belief, a reasonable opportunity for further investigation and discovery will show that the method of operation of the Body Knockoff Device(s) includes providing a power supply which transmits energy to the applicators, via an energy source and energy storage device, which in turn generates time-varying magnetic fields. On information and belief, the Body Knockoff Device(s) includes a power supply which transmit energy to the applicators, which in turn generate time-varying magnetic fields.

53.    Defendants have and continue to promote and perform the claimed step of "applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region." On information and belief, a reasonable opportunity for further investigation or discovery will show that the Body Knockoff Device(s)'s magnetic field generating coils are configured to generate a time-varying magnetic field with a magnetic flux density in a range of 0.1 Tesla to 7 Tesla on a surface of the magnetic field generating coils and are of an area sufficient to result in a magnetic fluence in the range of 50 T cm$^2$ to 1,500 T cm$^2$.

54.    Defendants have and continue to promote and perform the claimed step "wherein the time-varying magnetic field is applied to the body region with a magnetic flux density sufficient to cause a muscle contraction in the body region." On information and belief, advertising and promotional materials for the Body Knockoff Device(s) promote and advertise the Body Knockoff Device(s) ability to generate magnetic fields sufficient to cause muscle contractions in the targeted body region.

**TOTALTONE**
**Body Sculpting**
**Sculpt & Tone Your**
**Muscles.**

Let us exercise your body for you! You get 20,000 contractions in each 30 minute session to quickly build muscle and tone up your trouble areas.

55.     Defendants have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '634 Patent by making, using, offering to sell, or importing at least the Body Knockoff Device(s) in the United States. On information and belief, Defendants were aware of the '634 Patent since before the filing of this Complaint. On information and belief, Defendants have known that the Body Knockoff Device(s) is designed for a use that infringes one or more claims of the '634 Patent, and the Body Knockoff Device(s) lacks a substantial non-infringing use. On information and belief, Defendants have, and will continue to, intentionally directly infringe with knowledge of the '634 Patent and knowledge that their acts are directly infringing.

56.     Defendants' direct infringement of the '634 Patent has been, and continues to be, willful. On information and belief, Defendants have been aware of the '634 Patent before the filing of this Complaint and have infringed the '634 Patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

57.     Defendants' direct infringement of the '634 Patent has damaged, and continues to damage, BTL in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that BTL would have made but for Defendants' infringing acts as provided by 35 U.S.C. § 284.

58.     BTL will suffer irreparable harm unless Defendants are enjoined from infringing the '634 Patent.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,679,255

59.     BTL repeats and re-alleges paragraphs 1–44 as if fully set forth herein.

60.     The '255 Patent is directed towards a device for treating a patient using radiofrequency energy and pulsed electric current. Exemplary claim 16 of the '255 Patent recites:

A device for treating a patient by radiofrequency energy and a pulsed electric current, the device comprising:

a flexible pad configured to be attached to a body part of a patient, the flexible pad
  comprising:

a flexible substrate comprising an underside configured to face the body part during a
  treatment;

an electrode coupled to the underside of the flexible substrate; and

an adhesive coupled to the underside of the flexible substrate and to the electrode,

wherein the electrode is configured to be in contact with the body part via the adhesive;

wherein the electrode is configured to apply radiofrequency energy to the body part to
  cause heating of the body part, and

wherein the electrode is configured to apply pulsed electric current to the body part to cause
  a muscle contraction of a muscle within the body part; and

a control unit configured to control the radiofrequency energy and the pulsed electric
  current to provide the heating and the muscle contraction of the body part during
  the treatment,

wherein the body part comprises one of a face, a neck, or a submentum.

61.    The "No-Needle Face Lift" Device includes or performs each and every limitation
of at least claim 16 of the '255 Patent, either literally or under the doctrine of equivalents.

62.    Defendants have and continue to directly infringe, literally or under the doctrine of
equivalents, at least claim 16 of the '255 Patent by making, using, offering to sell, selling, or
importing the Facial Knockoff Device(s) in the United States.

63.    Defendants have induced infringement and continue to induce direct infringement,
literally or under the doctrine of equivalents, of at least claim 16 of the '255 Patent, by encouraging,

promoting, and instructing customers to use the Facial Knockoff Device(s) in a manner that directly infringes at least claim 16 of the '255 Patent.

64.    On information and belief, the Facial Knockoff Device(s) includes the preamble of claim 16 of the '255 Patent, which recites "[a] device for treating a patient by radiofrequency energy and a pulsed electric current." The landing pages for the Facial Knockoff Device(s) represent that the device treats patients with radiofrequency energy and pulsed electric current. *See, e.g.,* https://www.yoursculptstudio.com/noneedlefacerejuvenation ("Our 'No-Needle Face Lift' uses High-Intensity Facial Electrical Stimulation–or HIFES–the ONLY FDA-Cleared technology to tighten delicate facial muscles while reducing wrinkles and rejuvenating skin!").

65.    On information and belief, the Facial Knockoff Device(s) includes the claimed element "a flexible pad configured to be attached to a body part of a patient." On information and belief, the Facial Knockoff Device(s) includes the claimed element "a flexible substrate comprising an underside configured to face the body part during a treatment." On information and belief, a reasonable opportunity for further investigation and discovery will show that the Facial Knockoff Device(s) includes a flexible pad configured to be attached to a body part and an underside configured to face the body part during treatment.

66.    On information and belief, the Facial Knockoff Device(s) includes the claimed element "an electrode coupled to the underside of the flexible substrate." On information and belief, a reasonable opportunity for further investigation and discovery will show that the Facial Knockoff Device(s) includes an electrode coupled to the underside of the flexible substrate. On information and belief, these pulsed electric currents require an electrode to be produced.

67.    On information and belief, the Facial Knockoff Device(s) includes the claimed element "an adhesive coupled to the underside of the flexible substrate and to the electrode." On

information and belief, the flexible pads are adhered to the patient's face with an adhesive. On information and belief, a reasonable opportunity for further investigation and discovery will show that the Facial Knockoff Device(s) includes an adhesive coupled to the underside of the flexible substrate and to the electrode. On information and belief the Facial Knockoff Device(s) includes electrodes.

68.     On information and belief, the Facial Knockoff Device(s) includes the claimed element "wherein the electrode is configured to be in contact with the body part via the adhesive." On information and belief, the Facial Knockoff Device(s) uses pulsed electric current as indicated by Defendants' description of "[o]ur 'No-Needle Face Lift' uses High-Intensity Facial Electrical Stimulation–or HIFES–the ONLY FDA-Cleared technology to tighten delicate facial muscles while reducing wrinkles and rejuvenating skin" and further on information and belief, that pulsed electric current emanates from electrodes included in the flexible pads. On information and belief, the electrode is located on the underside of the flexible substrate. On information and belief, the electrode is in contact with the patient's body in order to operate.

69.     On information and belief, the Facial Knockoff Device(s) includes the claimed element "wherein the electrode is configured to apply radiofrequency energy to the body part to cause heating of the body part." On information and belief, the Facial Knockoff Device(s) treats patients using radiofrequency energy. And, on information and belief, the Facial Knockoff Device(s) includes electrodes.

70.     On information and belief, the Facial Knockoff Device(s) includes the claimed element "wherein the electrode is configured to apply pulsed electric current to the body part to cause a muscle contraction of a muscle within the body part." On information and belief, the Facial

Knockoff Device(s) treats patients using pulsed electric current. On information and belief, these pulsed electric currents produced by the Facial Knockoff Device(s) cause muscle contractions.

71.     On information and belief, the Facial Knockoff Device(s) includes the claimed element "a control unit configured to control the radiofrequency energy and the pulsed electric current to provide the heating and the muscle contraction of the body part during the treatment."

72.     On information and belief, the Facial Knockoff Device(s) includes the claimed element "wherein the body part comprises one of a face, a neck, or a submentum." On information and belief, the Facial Knockoff Device(s) is intended to treat various areas of a patient's face, neck, and submentum. For example, the below screenshots taken from Defendants' website describes the Facial Knockoff Device(s)s as able to target "the elevator muscles of the face" and "[t]he frontalis muscle."

## About The Procedure

Our "No-Needle Face Lift" uses High-Intensity Facial Electrical Stimulation—or HIFES—the ONLY FDA-Cleared technology to tighten delicate facial muscles while reducing wrinkles and rejuvenating skin!

This treatment targets the elevator muscles of the face, such as the zygomaticus major and minor as well as the frontalis, for a major lifting effect. The frontalis muscle is in charge of lifting the brow. The zygomaticus muscles are used to move the corners of the mouth which, in turn, lift the mid-face.

## The Incredible Benefits

- Lifts the entire face by 33%
- Reduces Wrinkles by 37%
- Tightens Facial Muscles by 30% for a natural restoration of facial contours
- Tightens the skin
- Increases lost volume
- Gives Eyes More Open Appearance
- Improves and defines jawlines (improves jowls)
- Lifts Brow & Forehead
- Lift Corners of the Mouth
- Reduces Forehead Wrinkles

(https://www.yoursculptstudio.com/noneedlefacerejuvenation; accessed February 24, 2025)

73.     Defendants have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, at least claim 16 of the '255 Patent by making, using, offering to sell, or importing at least the Facial Knockoff Device(s) in the United States. On information and belief, Defendants were aware of the '255 Patent since before the filing of this Complaint. On information and belief, Defendants have known that the Facial Knockoff Device(s) is designed for a use that infringes one or more claims of the '255 Patent, and the Facial Knockoff Device(s) lacks a substantial non-infringing use. On information and belief, Defendants have, and will continue to, intentionally directly infringe with knowledge of the '634 Patent and knowledge that their acts are directly infringing.

74.     Defendants' direct infringement of the '255 Patent has been, and continues to be, willful. Defendants have been aware of the '255 Patent since before the filing of this Complaint and have infringed the '255 Patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

75.     Defendants' infringement of the '255 Patent has damaged, and continues to damage, BTL in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that BTL would have made but for Defendants' infringing acts as provided by 35 U.S.C. § 284.

76.     BTL will suffer irreparable harm unless Defendants are enjoined from infringing the '255 Patent.

### COUNT III: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

77.     BTL repeats and realleges paragraphs 1–44 as if fully set forth herein.

78.     BTL owns exclusive rights to the BTL Trademarks in the United States. The United States trademark registrations for the BTL Trademarks are in full force and effect.

79.     Defendants, without BTL's permission or consent, have used and continue to use the BTL Trademarks and confusingly similar variations thereof in connection with the advertising, promotion, sale, and offer for sale of body and facial contouring services using the Body Knockoff Devices and Facial Knockoff Devices.

80.     On information and belief, Defendants' unauthorized use of the EMSLIM and EMSLIM NEO marks—which are confusingly similar variations of BTL's EMSCULPT® and EMSCULPT NEO® federally registered trademarks—to advertise and promote at least the Body Knockoff Devices and/or Facial Knockoff Devices, has caused and is likely to cause confusion, mistake, and deception among the public as to the origin and quality of the device, its affiliation, connection, or association with BTL, and the sponsorship or approval by BTL of this device.

81.     On information and belief, Defendants' unauthorized use of the HIFES mark—which is identical to BTL's HIFES® mark—to advertise and promote at least the Facial Knockoff Device(s), has caused and is likely to cause confusion, mistake, and deception among the public as to the origin and quality of the device; its affiliation, connection, or association with BTL; and the sponsorship or approval by BTL of this device.

82.    Defendants have had knowledge of BTL's rights in the BTL Trademarks since before the filing of this Complaint. Under 15 U.S.C. § 1072, Defendants have had constructive knowledge of the BTL's rights in each of the EMSCULPT® trademarks since at least the dates the registration for each of these trademarks first issued to BTL. *See supra* ¶ 27. Under 15 U.S.C. § 1072, Defendants have had constructive knowledge of BTL's rights in the EMSCULPT NEO® trademark since at least the date the registration for this trademark first issued to BTL. Under 15 U.S.C. § 1072, Defendants have had constructive knowledge of BTL's rights in each of the EM® trademarks since at least the dates the registration for each of these trademarks first issued to BTL. Under 15 U.S.C. § 1072, Defendants have had constructive knowledge of BTL's rights in the BTL Logo since at least the date the registration for this trademark first issued to BTL. Under 15 U.S.C. § 1072, Defendants have had constructive knowledge of BTL's rights in the HIFEM® trademark since at least March 5, 2019—the date the registration for the HIFEM® trademark first issued to BTL. Moreover, a straightforward Google search for "BTL" and "trademarks" lists the BTL Trademarks as associated with BTL. https://www.trademarkia.com/company-btl-industries-inc-3618568-page-2-2.

83.    The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

84.    Defendants' trademark infringement has damaged, and continues to damage, BTL in an amount yet to be determined, but of at least the profits that Defendants have made as a result of its infringement, plus the cost of this action. Defendants' trademark infringement is the direct and proximate cause of BTL's damages.

85.    BTL is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in any further such acts in violation of federal trademark law.

## COUNT IV: FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125

86.    BTL repeats and re-alleges paragraphs 1–44 as if fully set forth herein.

87.    Defendants' unauthorized, intentional, and willful use of the BTL Trademarks to promote, market, offer for sale, and sell the Body Knockoff Devices and Facial Knockoff Devices has and is likely to confuse, mislead, or deceive as to the origin and quality of these devices, their association with BTL and BTL's HIFEM®, EMSCULPT®, and EMSCULPT NEO® devices, and the sponsorship or approval by BTL of these devices.

88.    Defendants' unauthorized, intentional, and willful use of the BTL Trademarks to promote, market, offer for sale, and sell the Body Knockoff Devices and Facial Knockoff Devices misrepresents the nature, characteristics, qualities, and geographic origin of these devices.

89.    Defendants' actions constitute a willful violation of 15 U.S.C. § 1125.

90.    Defendants' actions described above have injured and, if permitted to continue, will continue to harm BTL's business and the goodwill associated with its brand, as well as BTL's reputation for providing high-quality and safe body-contouring and facial-contouring aesthetic devices and procedures subject to strict quality control standards that have been cleared by the FDA.

91.    BTL has no adequate remedy at law, and if Defendants' actions are not enjoined, BTL will continue to suffer irreparable harm to its reputation and the goodwill of the BTL brand.

## COUNT V: VIOLATION OF THE CONSUMER PROTECTION PROCEDURES ACT UNDER D.C. CODE ANN. § 501.201 *ET SEQ.*

92.    BTL repeats and re-alleges paragraphs 1–44 as if fully set forth herein.

93.     The acts of Defendants complained of herein in Counts III–IV constitute deceptive and unfair trade practices in violation of the Consumer Protection Procedures Act ("CPPA"), D.C. Code Ann. § 28-3904.

94.     Defendants' unauthorized, intentional, and willful use of the BTL Trademarks to promote, market, offer for sale, and sell the Body Knockoff Devices and Facial Knockoff Devices constitutes deceptive and unfair trade practices in violation of CPPA, D.C. Code Ann. § 28-3901 *et seq.*

95.     Defendants' unauthorized, intentional, and willful representations are false and misleading and were done to deceive the consuming public in the District of Columbia and to capitalize on the goodwill developed by BTL.

96.     Defendants' use of the BTL Trademarks in connection with the marketing and sale of the Body Knockoff Devices and Facial Knockoff Devices constitutes unfair competition that is likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association with BTL or the origin, sponsorship, or approval of the Body Knockoff Devices and Facial Knockoff Devices by BTL. Defendants' deceptive actions are likely to influence the consuming public's purchasing decisions. Defendants' unfair competition jeopardizes the goodwill created by BTL in its EMSCULPT®, EMSCULPT NEO®, and HIFEM® trademarks.

97.     Despite their actual and constructive knowledge of BTL's use and rights in the BTL Trademarks, Defendants have continued to use the BTL Trademarks (and variations thereof) in association with the promotion, advertising, marketing, and/or sale of the Body Knockoff Devices and Facial Knockoff Devices without BTL's authorization or consent. Defendants' actions are

deliberate and willful and have been done with the intention of trading upon the valuable goodwill created by BTL in the BTL Trademarks.

98.     BTL has sustained injury, damage, and loss in the District of Columbia based on Defendants' actions. Defendants' actions directly or indirectly affected the District of Columbia.

99.     Defendants are liable for a violation of CPPA, D.C. Code Ann. § 28-3901 *et seq.*

100.     Pursuant to § 28-3905, BTL is entitled to recover its actual damages and treble damages, plus reasonable attorneys' fees and costs.

## COUNT VI: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

101.     BTL repeats and re-alleges paragraphs 1–44 as if fully set forth herein.

102.     This claim arises under the common law of the District of Columbia.

103.     Defendants have engaged in unfair competition through their reliance and exploitation of consumer mistake and confusion, and its deliberate efforts to exploit the goodwill represented by the BTL Trademarks in connection with the marketing and sale of the Body Knockoff Devices and Facial Knockoff Devices.

104.     Defendants' aforementioned acts constitute trademark infringement and unfair competition in violation of the District of Columbia common law.

105.     As a proximate result of Defendants' actions, BTL has suffered and will continue to suffer damages.

106.     BTL has no adequate remedy at law and will continue to suffer irreparable harm unless Defendants are enjoined.

107.     By reason of Defendants' unlawful conduct as alleged above, BTL has been substantially injured and is entitled to damages and Defendants' profits attributable to their infringement, which are presently indeterminate, and the costs of this action.

**COUNT VII: FEDERAL TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114**

108.    BTL repeats and re-alleges paragraphs 1–44 as if fully set forth herein.

109.    Defendants use marks identical to BTL's HIFES® federally registered trademarks.

110.    BTL has not authorized Defendants' use of the BTL Trademarks to advertise and promote the Body Knockoff Devices and Facial Knockoff Devices.

111.    Defendants' unauthorized use of the BTL Trademarks is likely to (a) cause the public and consumers to believe that Defendants' Body Knockoff Devices and Facial Knockoff Devices are authorized by and/or affiliated with BTL; and (b) result in Defendants unfairly benefitting from the reputation of BTL and the BTL Trademarks to the substantial and irreparable injury of consumers, BTL, the BTL Trademarks, and the substantial goodwill represented thereby.

112.    Defendants' acts as set forth herein constitute trademark counterfeiting in violation of 15 U.S.C. § 1117(b)(1) and reflect Defendants' intent to exploit the goodwill and strong brand recognition associated with the BTL Trademarks.

**PRAYER FOR RELIEF**

WHEREFORE BTL requests entry of judgment against Defendants as follows:

A.    A judgment that Defendants have infringed one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(a)-(c);

B.    An award of damages not less than $125,000 for infringement of the Asserted Patents, with said damages to be trebled because of the intentional and willful nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

C.    A judgment that Defendants have willfully infringed one or more claims of the Asserted Patents;

D.    A determination that this case is "exceptional" under 35 U.S.C. § 285 and an award

of BTL's reasonable attorneys' fees;

E.    An order permanently enjoining Defendants, their officers, directors, employees, agents, and all persons acting in concert with them, from infringing the Asserted Patents;

F.    A judgment that Defendants have violated the Lanham Act, 15 U.S.C. § 1114, by committing acts of trademark infringement;

G.    A judgment that Defendants' use of the "HIFES" mark, as alleged in this Complaint, infringes BTL's HIFES® trademark;

H.    A judgment that Defendants' use of the "EMSLIM" mark, as alleged in this Complaint, infringes BTL's EMSCULPT® trademark;

I.    A judgment that Defendants' use of the "EMSLIM NEO" mark, as alleged in this Complaint, infringes BTL's EMSCULPT NEO® trademark;

J.    A judgment that Defendants have violated the Lanham Act, 15 U.S.C. § 1125(a), by committing acts of federal unfair competition, false designation of origin, and false advertising;

K.    A judgment that Defendants have violated the District of Columbia's Consumer Protection Procedures Act, D.C. Code Ann. § 28-3904;

L.    A judgment that Defendants have violated the District of Columbia common law;

M.    An award of damages for Defendants' infringement of the BTL Trademarks, including Defendants' profits, any damages sustained by BTL, and the costs of the action as provided by 15 U.S.C. § 1117(a), with said damages to be trebled because of the intentional and willful nature of Defendants' infringement, as provided by 15 U.S.C. § 1117(b);

N.    A judgment that this case is "exceptional" under 15 U.S.C. § 1117(a) and an award of reasonable attorneys' fees;

O.    A judgment that Defendants' conduct in violating the BTL Trademarks is willful

and malicious;

     P.     Alternatively, an award of statutory damages for Defendants' infringement of the BTL Trademarks in an amount of $200,000 per counterfeit mark. That amount to be heightened to $2,000,000 per counterfeit mark in accordance with 15 U.S.C. § 1117(c)(2) for Defendants' willfulness;

     Q.     An award of damages against Defendants as a result of their wrongful acts against BTL in an amount to be proved at trial;

     R.     An award of any and all of Defendants' profits arising from the foregoing acts;

     S.     An award of pre-and post-judgment interest of any monetary damages at the highest rate allowed by law;

     T.     Permanent injunctive relief enjoining Defendants from:

     i.     using the BTL Trademarks or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the promotion, marketing, advertising, offering for sale, or sale of any good or service that is not a good or service offered by a genuine BTL product, or is not authorized by BTL to be offered in connection with the BTL Trademarks;

     ii.     passing off, inducing, or enabling others to sell or pass off any good or service as a good or service offered by a genuine BTL product, or any other good or service offered by BTL, that is not BTL's or not offered under the authorization, control, or supervision of BTL and approved by BTL for sale under the BTL Trademarks;

     iii.     committing any acts calculated to cause consumers to believe that Defendants' goods or services are those sold under the authorization, control or supervision

of BTL, or are sponsored by, approved by, or otherwise connected with BTL;

and

iv.     further infringing the BTL Trademarks and damaging BTL's goodwill.

U.     An award of BTL's costs and expenses in this action; and

V.     For such other relief as the Court may deem just and proper.

## **JURY DEMAND**

BTL hereby demands a trial by jury on all issues so triable.

Dated: March 31, 2025

Respectfully submitted,

/s/ Dallin Glenn
Dallin Glenn (Bar No. 1015362)
glennd@btlnet.com
BTL Industries, Inc.
362 Elm Street
Marlborough, MA 01752
Telephone: (508) 962-4945

- and -

Seth R. Ogden (*pro hac vice* to be filed)
sro@iplawgroup.comg
Patterson Intellectual Property Law, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

*Attorneys for Plaintiff BTL Industries, Inc.*